UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 21-21726-CIV-MARTINEZ

STRATEGIC ADVISERS GROUP LLC,
    Plaintiff,

vs.

GRUPO INDUSERVICE S.A.S.,
    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon a *sua sponte* review of the record. Plaintiff, Strategic Advisers Group LLC, has filed the instant action *pro se*. It is well-established that "a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). "This is so even when the person seeking to represent the corporation is its present and major shareholder." *Kell v. Smith*, 743 F. App'x 292, 295 (11th Cir. 2018). This proposition applies equally to limited liability companies. *See Souffrant v. Denhil Oil, LLC*, No. 10-80246-CIV, 2010 WL 1541192, at *1 (S.D. Fla. Apr. 16, 2010) ("The rule requiring corporations to be represented by counsel extends to all non-natural persons, i.e., entities, as its purpose is the protection of the courts and the administration of justice."); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201–02 (1993) (interpreting the rule prohibiting corporations from appearing pro se to apply to all artificial entities).

In civil actions in federal court, state law applies to any issue not governed by federal law. 28 U.S.C. § 1652; *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143, 1148 (11th Cir. 2010). Where jurisdiction is founded on diversity and no federal question is involved, the Court must apply substantive state law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Federal Rule of Civil Procedure 17(b) indicates that state law controls the capacity of parties to

sue or be sued but does not address their right to self-represent. Fed. R. Civ. P. 17(b). Because Plaintiff brings this case based on diversity jurisdiction, the Court looks to Florida state law on the issue. The outcome is the same.

Under Florida law, an LLC must be represented by counsel in litigation. *See Aktan v. Gotham Collection Servs. Corp.*, 305 So. 3d 632, 633 (Fla. 3d DCA 2020) (dismissing appeal as to LLC appellant for failure to retain counsel); *Golden Gate Homes, LC v. Levey*, 59 So. 3d 275 (Fla. 3d DCA 2011) (holding an LLC must be represented by counsel); *see also Szteinbaum v. Kaes Inversiones y Valores, C.A.*, 476 So. 2d 247, 248 (Fla. 3d DCA 1985) ("It is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney."). It is therefore:

**ORDERED AND ADJUDGED** that on or before **May 28, 2021**, Plaintiff shall retain counsel to represent it in this matter, who shall file a Notice of Appearance by the same date. Failure to comply by May 28, 2021 **shall result in the dismissal of this action without prejudice.**

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of May, 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Strategic Advisers Group LLC
1455 Pennsylvania Avenue
Suite 400
Washington, DC 20004