UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-cv-21726-BECERRA

STRATEGIC ADVISERS GROUP, LLC,

    Plaintiff,

v.

GRUPO INDUSERVICE S.A.S.,

    Defendant.
_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion for Default Judgment, (ECF No. 13). On November 18, 2021, Magistrate Judge Becerra filed a Report and Recommendation, (ECF No. 20), recommending that (1) the Motion for Default Judgment be granted in part as it relates to liability and denied in part as it relates to damages and (2) Defendant's pro se Motion to Dismiss, (ECF No. 14), be stricken. In recommending that the Motion for Default Judgment be denied as to damages, Magistrate Judge Becerra found that Plaintiff's request for damages, at this juncture, was "supported only by speculation." (R & R 8, ECF No. 20.) The Court agrees.

Plaintiff must furnish sufficient support for its claim for damages, which may only be awarded "if the record adequately reflects the basis for award via . . . 'a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Priest v. Colonial Van Lines, LLC*, No. 13-61908-Civ-SCOLA, 2014 WL 12621156, at *2 (S.D. Fla. Mar. 27, 2014) ("[I]t remains incumbent on the [plaintiff] to prove damages. Even on a motion for default judgment, a 'court has an obligation to assure that there is a legitimate basis for any damage award it enters.'" (quoting *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003))). Plaintiff did no such thing at the evidentiary hearing held

before Magistrate Judge Becerra on November 16, 2021. Instead, Plaintiff provided only its beliefs that it would be entitled to $1,500,000,000.00 in damages as it did not have any additional evidence to support its claim. (R&R 6–7, ECF No. 20.) Hence, Magistrate Judge Becerra recommended that "Plaintiff be granted leave to conduct discovery for the purpose of establishing damages." (Id. at 8.) Because Defendant has not appeared in this case, however, the Court will not open discovery in this case. Rather, the Court will allow Plaintiff the opportunity to submit supplemental briefing on or before **Monday, March 28, 2022**, solely as it relates to damages to provide the Court with sufficient evidentiary support which may serve as "a legitimate basis for any damage award it enters." *See Priest*, 2014 WL 12621156, at *2. After reviewing the entire record and noting no objections to the Report and Recommendation, the court is fully advised as to the premises. Therefore, after careful consideration, it is

    ADJUDGED that United States Magistrate Judge Becerra's Report and Recommendation is AFFIRMED IN PART and ADOPTED IN PART. Accordingly, it is

ORDERED AND ADJUDGED that:

    1.    Defendant's *pro se* Motion to Dismiss, (ECF No. 14), is STRICKEN.

    2.    Plaintiff's Motion for Default Judgment, (ECF No. 13), is GRANTED as it relates to liability and DENIED without prejudice as it relates to damages.

    3.    To the extent that Plaintiff continues to seek damages in this action, Plaintiff may file a renewed motion for final default judgment *solely as to damages* with sufficient evidentiary support on or before **Monday, March 28, 2022**.

    4.    Any subsequent motion for default judgment as to damages shall remain referred to Magistrate Judge Becerra pursuant to the Order of Reference to Magistrate Judge, (ECF No. 16).

    DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of February, 2022.

                                                    JOSE E. MARTINEZ
                                                    UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record
Grupo Induservice S.A.S., *pro se*